**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARK BETANCOURT
4107 Farragut Street
Hyattsville, MD 20781,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
5900 Capital Gateway Drive
Camp Springs, MD 20588,

Defendant.

Civil Action No. ________

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. On July 21, 2026, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Plaintiff requested records from the United States Citizenship and Immigration Services (USCIS), a component agency of the United States Department of Homeland Security (DHS), concerning records related to immigrant work permit data. Despite the passage of 55 business days, Plaintiff has not received a determination or any documents. Through this lawsuit, Plaintiff asks this Court to compel USCIS to comply with FOIA and promptly produce the requested documents.

## I

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA jurisdiction provision) and 28 U.S.C. § 1331 (federal question jurisdiction). The District of Columbia is a proper venue. *See* 5 U.S.C. § 552(a)(4)(B) (District of Columbia is a proper venue in a FOIA case).

## II

## PARTIES

3. Plaintiff Mark Betancourt is a freelance journalist whose work has appeared in NPR, The Atlantic, Mother Jones, High Country News, The Nation, and other outlets.

4. Defendant USCIS is a component agency of DHS. Its responsibilities include those relating to employment authorization for people who are not U.S. citizens. On information and belief, USCIS has possession or control over the requested documents.

## III

## FACTS

### A. THE FOIA REQUEST

5. Mr. Betancourt is investigating the impact of recent changes to U.S. immigration policy. As part of that investigation, on July 21, 2026, Mr. Betancourt submitted a FOIA request to USCIS through its online system pursuant to 5 U.S.C. § 552(a)(3), in which he requested the following documents related to employment authorization in the United States:

> This Request seeks records maintained by U.S. Citizenship and Immigration Services ("USCIS") related to Employment Authorization Documents (EAD), as described further below.
>
> **Specific Documents Requested.** This Request seeks information from the following data fields (or fields containing information of the type listed below) in the USCIS Electronic Immigration System (USCIS ELIS) or any other USCIS-maintained data system, for individuals who have completed a Form I-765 (Employment Authorization Document application) and/or for whom a Form 1-766 (Employment Authorization Document) exists.
>
> 1. Mailing address city
> 2. Mailing address state
> 3. Year of Birth
> 4. Sex/Gender
> 5. Country of birth (COB)

6. EAD Eligibility Category

7. Reason for Applying (Initial/Replacement/Renewal)

8. Date of last arrival into the US

9. USCIS office processing the application

10. Time and date of application submission (or date application received)

11. Date of decision as to employment authorization

12. Decision (approval or denial of employment authorization application)

13. Unique identification number or code for each individual

14. Unique identification number or code for each application

15. All other data fields that do not include Personally Identifiable Information (PII)

16. A data dictionary that defines the data fields and relationships within any database containing records responsive to this request.

> **Time Period for Request.** Please provide data related to all Forms I-765 and I-766 dated from January 1, 2006, to the date on which USCIS produces data responsive to this Request. If data from any part of this period are unavailable or burdensome to obtain, please contact me to discuss whether limitations to this period would be acceptable.
>
> **Other specifications.** Please produce the data in a spreadsheet (such as .xls, .csv, or another standard electronic format) and please include with it any explanatory notes that help explain the data or that are needed to make the data intelligible. The data should be produced with at least one row in the spreadsheet for each individual or record. Depending on the database structure, there might be multiple rows for each record—that might occur, for example, if there is a table that tracks each intermediate decision made on an application.

6. Mr. Betancourt made clear to USCIS that he sought no personally identifiable information (PII):

> This Request is not seeking any personally identifiable information. Such information should be excluded or redacted.
>
> If the unique identification numbers for individuals and/or applications (items 13 and 14 above) are PII and are necessary to provide the public the same access to non-exempt information as that available to USCIS—for example, if the A-number

> is used as the identifier to connect an entry to an individual—those data points should be replaced by unique anonymized numbers or codes.…

7. On July 31, 2026, USCIS sent Mr. Betancourt a letter regarding his July 21, 2026, request, stating in part:

> We respond to requests on a first-in, first-out basis and on a multi-track system. Your request has been placed in the simple track (Track 1).
>
> Consistent with 6 C.F.R. § 5.5(a) of the Department of Homeland Security (DHS) FOIA regulations, USCIS processes FOIA requests according to their order of receipt. Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10 business day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10 business day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B). Please contact our office if you would like to limit the scope of your request or to agree on a different timetable for the processing of your request. We will make every effort to comply with your request in a timely manner.

## B. USCIS FAILED TO ISSUE A TIMELY DETERMINATION AND PRODUCE THE REQUESTED DOCUMENTS

8. FOIA requires agencies to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of [a FOIA] request whether to comply with such [a] request[,] ... immediately notify the person making such request of such determination and the reasons therefor[,]" and provide information regarding the right to seek assistance from the FOIA Public Liaison and the right to appeal an adverse decision. 5 U.S.C. § 552(a)(6)(A)(i); *see also* 6 C.F.R. § 5.5 (regarding timing of responses to requests to components of DHS). After a determination is made, the agency must "make the records promptly available." 5 U.S.C. § 552(a)(3)(A).

9. An agency is permitted a ten business day extension if statutorily defined "unusual circumstances" apply and written notice is made to the requestor setting forth those unusual circumstances "and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B); *see also* 6 C.F.R. § 5.5(c) (DHS regulation regarding application of the unusual circumstances exception).

10. 55 business days have passed following the submission of the FOIA request without a determination or receipt of any documents.

11. Mr. Betancourt exhausted his administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a [FOIA] request to any agency for records ... shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of [FOIA].").

## IV

## CLAIM FOR FAILURE TO PRODUCE DOCUMENTS IN VIOLATION OF FOIA AND ITS IMPLEMENTING REGULATIONS

12. FOIA and its implementing regulations required USCIS to issue its determination on Mr. Betancourt's request and produce the documents pursuant to the timelines described above. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(3)(A); 6 C.F.R. § 5.5(c). USCIS violated FOIA and its implementing regulations by failing to do so.

## V

## REMEDY

Mr. Betancourt hereby requests that the Court:

(1) Declare that the failure by USCIS to issue a timely determination and produce the requested records is unlawful;

(2) Order USCIS promptly to issue a determination and produce the requested records to Mr. Betancourt;

(3) Award Mr. Betancourt reasonable attorneys' fees and other litigation costs reasonably incurred in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Todd A. Gluckman*

TODD A. GLUCKMAN, DC Bar 1004129
JACLYN A. DEITCH, DC Bar 90025322
Terris, Pravlik & Millian, LLP
1701 K Street, N.W., Suite 500
Washington, DC 20006
(202) 682-2100
tgluckman@tpmlaw.com
jdeitch@tpmlaw.com

October 6, 2026

*Counsel for Plaintiff*